IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA KEY McCOOK, as Administratrix of the Estate of William Tony McCook, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:11cv819-MHT (WO) |
| SOUTHEAST ALABAMA REGIONAL HEALTH CARE AUTHORITY d/b/a Medical Center Barbour; et al., | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal).

Although § 1441 provides for removal based upon diversity of citizenship, subsection (b) of § 1441 precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought.

Subsection (b) specifically provides that any action other than one presenting a federal-question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Because it appears that most, or even all, of the defendants are citizens of Alabama and because this lawsuit was initiated in an Alabama court and removed to this court based on diversity jurisdiction, the court is concerned that subsection (b) precludes removal to this federal court.

Furthermore, to invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[1]  The allegations must show that the

---

1. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).  The notice of removal fails to meet this standard in two ways.

First, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent." 28 U.S.C. § 1332(c)(2).  Moreover, an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995, 92 S.Ct. 534 (1971).[2]  The notice gives the "residence" rather than the "citizenship" of decedent William Tony McCook, for whose estate the plaintiff seeks relief as an administratrix.

Second, the removal notice is insufficient because it does not indicate the citizenship of a corporate defendant:  Ronald G. Rosen, M.D. Professional

---

2.  Id.

Corporation.  The notice must allege the citizenship of <u>both</u> the State of incorporation <u>and</u> where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).[3]

***

Accordingly, it is ORDERED that the removing defendants show cause, if any there be, in writing by no later than October 14, 2011, as to why this cause should not be remanded to the Circuit Court of Barbour County, Alabama because subsection (b) of 28 U.S.C. § 1441 precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought; otherwise, this case shall be remanded.

Furthermore, it is ORDERED that, if the removing defendants believe that they can overcome the prohibition of subsection (b) of 28 U.S.C. § 1441, they are allowed

---

3.  <u>Id</u>.

4

until October 14, 2011, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653, that is, to allege the "citizenship" rather than the "residence" of decedent William Tony McCook and to allege both the State of incorporation and the principal place of business of defendant Ronald G. Rosen, M.D. Professional Corporation; otherwise, this case shall be remanded.

DONE, this the 3rd day of October, 2011.

                                /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE